The court upon consideration whereof, and being fully advised- in the premises, finds that the motion of the plaintiff is well taken and sustains the same, for the reason that it is averred in the petition of the relator and admitted by answer of respondent, that it was written into the contract under which this labor was performed, as one of the terms and conditions thereof, that, “all. measurements and determinations of quantities shall be made by the engineer, and his measurements shall be final and conclusive between the parties.” That in the absence of fraud, collusion or mistake, this condition of Jhe contract is binding on the parties thereto, and includes within its terms the measurements and determinations of quantities of all earth hauled over five hundred feet from the boundary line of the hatchery.
That in the absence of an averment that the engineer in charge of this work was guilty of fraud *443 or collusion with the plaintiff, or mistaken in hi6 measurements and determinations of the quantities of earth as measured, determined and certified by him, the answer of the respondent states no legal grounds for setting aside the measurements and determinations of quantities made by the engineer in charge of this work, and that the measurements and determinations of quantity made by the engineer in charge are therefore final and conclusive upon the parties to this contract.
It is therefore ordered and adjudged by this court that a peremptory writ of mandamus issue, requiring the respondent as Auditor of State, of the State of Ohio, to issue a voucher to the plaintiff, directed to the Treasurer of State, in the sum of $6,094.93, as prayed for in relator’s petition.

Writ to issue.

Nichols, C. J., Wanamaker, Newman, Jones, Johnson and Donahue, JJ., concur.